WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olympia Productions LLC, | No. CV-21-00433-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Heath, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

This is an interpleader action. There are two forms of interpleader actions: those brought pursuant to Rule 22 ("rule") and those brought pursuant to 28 U.S.C. § 1335 ("statutory"). *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1007 n.1 (9th Cir. 2012). Each requires a different jurisdictional showing. *See* Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 1710 (2001) ("Rule and statutory interpleader are treated differently for purposes of determining whether the court has subject-matter jurisdiction."). Specifically, "[f]or statutory interpleader, 28 U.S.C. § 1335, there must be diversity between the adverse claimants. For [rule] interpleader under [Rule 22] predicated on diversity jurisdiction, there must be diversity between the stakeholder on one hand and the claimants on the other. . . . [S]tatutory interpleader allows so-called minimal diversity, as

1 distinguished from complete diversity, and also requires only that $500 be in controversy in lieu of the usual . . . requirement." *Id.* (citations and quotation marks omitted).

This is a rule interpleader action, not a statutory interpleader action. (Doc. 8 ¶ 1 [amended complaint: "This is a civil interpleader action brought pursuant to Rule 22, FRCP."].) Thus, Plaintiff must satisfy the usual amount-in-controversy requirement of $75,000, which Plaintiff has done here (Doc. 8 ¶¶ 9, 23), and must establish the existence of complete diversity between itself and the specified claimants.

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted). Here, the amended complaint fails to satisfy these requirements because it only alleges the *residence* of Defendants Phillip Heath and Jennifer Heath, as contrasted with the *citizenship* of these individuals. (Doc. 8 ¶¶ 3-4.)

Plaintiff must amend the Amended Complaint to correct these deficiencies.[1] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendants' citizenship can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

**IT IS ORDERED** that by **March 30, 2021**, Plaintiff shall file a second amended complaint properly alleging Defendants' citizenship.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file its second amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 17th day of March, 2021.

_____
Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).